KAVANAUGH, Circuit Judge,
concurring:
In defending this suit, the Government has accepted that the military newspapers’ advertising space is a “non-public forum” for First Amendment purposes, meaning that the military may not engage in viewpoint discrimination in accepting advertisements. The Government contends that the military has not engaged in impermissible viewpoint discrimination, and the Court agrees. In light of the way the Government argued the case, I join the Court’s fíne opinion. Lest this precedent be misinterpreted, however, I write separately to point out that, as Judge Kollar-Kotelly suggested in footnote 5 of her thorough district court opinion, there is a far easier way to analyze this kind of case under the Supreme Court’s precedents. See Bryant v. Rumsfeld, No. 04-cv-1125, slip op. at 12 n. 5 (D.D.C. Mar. 12, 2007).
These military-run newspapers and the advertising space in them are not forums for First Amendment purposes but instead are the Government’s own speech. See Arkansas Educ. Television Comm’n v. Forbes, 523 U.S. 666, 672-75, 118 S.Ct. 1633, 140 L.Ed.2d 875 (1998); see also Johanns v. Livestock Mktg. Ass’n, 544 U.S. 550, 553, 559-60, 125 S.Ct. 2055, 161 L.Ed.2d 896 (2005); United States v. Am. Library Ass’n, Inc., 539 U.S. 194, 203-05, 123 S.Ct. 2297, 156 L.Ed.2d 221 (2003) (plurality opinion); Legal Servs. Corp. v. Velazquez, 531 U.S. 533, 541, 121 S.Ct. 1043, 149 L.Ed.2d 63 (2001); Bd. of Regents of Univ. of Wisconsin Sys. v. Southworth, 529 U.S. 217, 234-35, 120 S.Ct. 1346, 146 L.Ed.2d 193 (2000); Nat'l Endowment for the Arts v. Finley, 524 U.S. 569, 587-88, 118 S.Ct. 2168, 141 L.Ed.2d 500 (1998); Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819, 833, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995); Rust v. Sullivan, 500 U.S. 173, 196, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991). As the case law makes clear, “government speech” can include not only the words of government officials but also “compilation of the speech of third parties” by government entities such as libraries, broadcasters, newspapers, museums, schools, and the like. People for the Ethical Treatment of Animals, Inc. v. Gittens, 414 F.3d 23, 28 (D.C.Cir.2005) (internal quotation marks omitted). For example, “[w]hen a public broadcaster exercises editorial discretion in the selection and presentation of its programming, it engages in speech activity.” Arkansas Educ. Television Comm’n, 523 U.S. at 674, 118 S.Ct. 1633.
When government speech is involved, forum analysis does not apply and the *899 Government may favor or espouse a particular viewpoint. As we have said: “The government may produce films and publications. It may run museums, libraries, television and radio stations, primary and secondary schools, and universities. In all such activities, the government engages in the type of viewpoint discrimination that would be unconstitutional if it were acting as a regulator of private speech.” Gittens, 414 F.3d at 29. The Supreme Court made the same point in the context of public broadcasters: “Much like a university selecting a commencement speaker, a public institution selecting speakers for a lecture series, or a public school prescribing its curriculum, a broadcaster by its nature will facilitate the expression of some viewpoints instead of others. Were the judiciary to require, and so to define and approve, preestablished criteria for access, it would risk implicating the courts in judgments that should be left to the exercise of journalistic discretion.” Arkansas Educ. Television Comm’n, 523 U.S. at 674, 118 S.Ct. 1633. The rule established by these cases is that the Government “has largely unlimited power to control what is said in its official organs (newspapers, radio broadcasts, and the like) or in organs that it officially endorses, even if this control is exercised in a viewpoint-based way.” Eu-GENE Volokh, The FiRST AMENDMENT and Related Statutes: Problems, Cases and Policy Arguments 410 (3d ed.2008).
Those principles readily resolve this case. The military newspapers constitute government speech, and the military therefore may exercise viewpoint-based editorial control in running them. The military may, for example, permit advertisements that say “Support the Troops” but decline advertisements that say “Oppose the Troops.” If forum analysis applied, however, the military could not maintain that kind of sensible editorial policy.
The conclusion that forum analysis does not apply here has special force because this case involves military newspapers. The United States Military maintains these newspapers “to facilitate accomplishment of the command or installation mission.” Department of Defense Instruction 5120.4, ¶ 6.2.1.1.8 (June 16, 1997). As the Supreme Court has stated, the military is “not a deliberative body. It is the executive arm. Its law is that of obedience.... Speech that is protected in the civil population may nonetheless undermine the effectiveness of response to command.” Parker v. Levy, 417 U.S. 733, 744, 759, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974) (internal quotation marks omitted). Therefore, “review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society. The military need not encourage debate or tolerate protest to the extent that such tolerance is required of the civilian state by the First Amendment; to accomplish its mission the military must foster instinctive obedience, unity, commitment, and esprit de corps.” Goldman v. Weinberger, 475 U.S. 503, 507, 106 S.Ct. 1310, 89 L.Ed.2d 478 (1986). In light of these precedents, the plaintiffs suggestion that the Judiciary micro-manage advertising selection by military newspapers not only is unsupported by First Amendment doctrine, but also would interfere with the military’s pursuit of its critical mission and involve the courts in military decisions and assessments of morale, discipline, and unit cohesion that the Supreme Court has indicated are well beyond the competence of judges.
With that understanding, I join the Court’s opinion, which correctly resolves the case as it was argued to us.